IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **MEHMOOD ATIF,** | § |
| *Petitioner,* | § |
| v. | §  CASE NO. 6:25-CV-00554-ADA-DTG |
| **PAUL MCBRIDE, as Acting Field Office Director, Houston Field Office of Immigration and Customs Enforcement, et al.,** | § |
| *Respondents,* | § |

## ORDER TO RELEASE PETITIONER

Pending before the Court is the petitioner, Mehmood Atif's petition for a writ of habeas corpus (Dkt. No. 1). The petition is fully briefed, and on December 18, 2025, Magistrate Judge Derek T. Gilliland heard arguments from the parties. The Court has reviewed those proceedings. After careful consideration of the briefs, arguments, and the applicable law, the Court hereby **GRANTS** Petitioner's Petition and **ORDERS** his immediate release.

### I. BACKGROUND

The relevant facts are undisputed. The petitioner, Mehmood Atif, is a citizen of Pakistan who entered the United States in 2023. Dkt. No. 8 at 1. He was arrested at or near a port of entry shortly after his arrival by officers for Immigration and Customs Enforcement ("ICE"). *Id.*; Dkt. No. 4 at 2. Within two days, the petitioner was issued a Notice to Appear that charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), placed in removal proceedings, and released. *See* Dkt. No. 4-1 at 1–3.

On November 16, 2025, ICE officers arrested the petitioner without notice and transferred his custody to the Limestone County Detention Center in Groesbeck, Texas, where he is currently being held. Dkt. No. 1 at 7; Dkt. No. 8 at 1. He has not received a bond hearing. Dkt. No. 1 at 7.

The petitioner claims that the respondents illegally detained him in violation of the Fifth Amendment, the Fourth Amendment, and the Immigration and Nationality Act ("INA") and petitions for his immediate release through a writ of habeas corpus. *Id.* at 13–18. The petitioner also asks the Court to award him attorney's fees. *Id.* at 19.

## II.    ANALYSIS

The petitioner claims that ICE unlawfully detained him under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 1 at 2–3. But the respondents claim that the petitioner is detained under § 1225(b)(1), not (b)(2). Dkt. No. 4 at 2. Because the petitioner is an "applicant for admission" who was intercepted at or near a port of entry shortly after entering, the respondents argue, the petitioner is subject to mandatory detention under § 1225(b)(1)(A)(iii)(II). *Id.* at 2–3.

At the hearing, the parties stipulated that the Court need not consider the petitioner's detention under § 1225(b)(2) in light of the respondents' representation that (b)(1) applies. The parties also stipulated that the Court need not reach the petitioner's constitutional claims if the Court finds that his detention violates the INA. Accordingly, the Court first considers whether the petitioner's detention is unlawful under § 1225(b)(1).

### A. Jurisdiction

As always, the Court must first consider its own jurisdiction. *E.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (rejecting the practice of assuming jurisdiction and holding that determining jurisdiction is a fundamental threshold issue). Generally, federal district courts have the authority to issue writs of habeas corpus for those incarcerated within the district in which

it sits. 28 U.S.C. § 2241(a); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (stating that the "district of incarceration" has jurisdiction over § 2241 petitions). As the petitioner is incarcerated within the Western District of Texas, § 2241(a) grants this Court jurisdiction over his petition. The respondents argue that the jurisdiction-stripping provisions found in 8 U.S.C. §§ 1252(g) and 1225(b)(4) bar judicial review. Dkt. No. 4 at 6–7.

### 1. 8 U.S.C. § 1252(g) Does Not Deprive the Court of Jurisdiction

The respondents contend that 8 U.S.C. § 1252(g) deprives the Court of jurisdiction over this petition. Section § 1252(g) strips district courts of jurisdiction over cases "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The respondents broadly construe this to deprive federal courts of jurisdiction over "any part of the process by which [the petitioner's] removability will be determined." Dkt. No. 4 at 6.

This Court does not agree with that interpretation. Section 1252(g) only prevents judicial review of the "three specific actions" outlined in its text. *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018) (rejecting a broad reading of § 1252(g) and limiting it "to just those three specific actions"); *Lopez-Arevelo v. Ripa*, Case No. EP-25-CV-337-KC, 2025 WL 2691828, at *4 (W.D. Tex. Sept. 22, 2025). The petitioner challenges his detention without a bond hearing, and as held by other courts of this district, § 1252(g) does not deprive this Court of jurisdiction. *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, at *4–5.

### 2. Section 1225(b)(4) Does Not Deprive the Court of Jurisdiction

The respondents also claim that 8 U.S.C. § 1225(b)(4) deprives the Court of jurisdiction. The respondents contend that the statute requires the petitioner to challenge his classification as an applicant for admission in his ongoing removal proceedings before it is subject to judicial

review. Dkt. No. 4 at 7. They argue that this interpretation of § 1225(b)(4) is consistent with the channeling provisions found in 8 U.S.C. § 1252(b)(9), which provides that challenges to removal proceedings must be reviewed by the court of appeals upon a final order of removal. *Id.* (citing *SQDC v. Bondi*, No. 25–3348 (PAM/DLM), 2025 WL2617973 (D. Minn. Sept. 9, 2025)).

This argument fails on the plain language of the statute. Section 1225(b)(4) provides that any decision of an examining immigration officer that is "favorable to the admission of any alien" may be challenged by another immigration officer before the immigration court. While the case cited by respondents—*SQDC v. Bondi*, No. 25–3348 (PAM/DLM), 2025 WL2617973 (D. Minn. Sept. 9, 2025)—never referenced § 1225(b)(4), it involved an ICE appeal of a bond determination that was favorable to the alien, which is not the situation here. Section 1225(b)(4) does not apply to challenges raised by an alien and has no bearing on this case. Accordingly, neither provision strips the Court of its jurisdiction.

### B. The Petitioner Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(1)

Section 1225(b)(1) sets screening protocols for aliens arriving in the United States and "certain other aliens who have not been admitted or paroled." If an immigration officer determines that an arriving alien is inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) or (a)(7), § 1225(b)(1)(A)(i) allows the officer to place the alien in expedited removal proceedings. But if the alien indicates that he intends to apply for asylum or fears persecution in his home country, the officer must instead refer him for an asylum interview under § 1225(b)(1)(B). *See* 8 U.S.C. § 1225(b)(1)(A)(ii).

Section 1225(b)(1)(A)(iii) allows the government to screen "certain other aliens" under the procedures outlined in § 1225(b)(1), specifically:

> [A]n alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in

> the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

8 U.S.C. § 1225(b)(1)(A)(iii)(II).

The respondents claim that the petitioner's detention is mandatory under this subsection. Dkt. No. 4 at 3 ("As such, [the petitioner] is detained under § 1225(b)(1)(A)(iii)(II)."). At the hearing, the Court inquired how this provision mandates the petitioner's detention when it does not contemplate or even mention detention. The respondents could not answer and instead cited to 8 C.F.R. § 239.1 and 8 U.S.C. § 1182 for additional support. These provisions also do not mention detention. *See* 8 C.F.R. § 239.1 (describing the officials authorized to issue a Notice to Appear); *see also* 8 U.S.C. § 1182 (defining the classes of aliens ineligible for visas or admission).

The Court notes that § 1225(b)(1) contemplates mandatory detention in two provisions: §§ 1225(b)(1)(B)(ii) and (b)(1)(B)(iii)(IV). But the respondents do not claim that either applies to the petitioner, and the Court does not reach whether the petitioner meets their requirements. Even if the respondents could say which provision compelled them to detain the petitioner indefinitely, the Court finds that the petitioner is not an alien described under § 1225(b)(1)(A)(iii)(II) and, therefore, is not subject to any of § 1225(b)(1)'s provisions.

Section 1225(b)(1)(A)(iii)(II)'s plain language sets three requirements before an alien is subject to § 1225(b)(1). First, the alien must not be an alien described in subparagraph (F). Second, the alien must not have been admitted or paroled into the United States. And third, the alien failed to show to immigration officer that he has been physically present in the United States for two (2) years before his inadmissibility was determined under the subparagraph. The Court finds that the petitioner does not satisfy the third factor.

Section 1225(b)(1)(A)(iii)(II) requires that the alien be determined inadmissible "under this subparagraph." Courts generally interpret the term "under this subparagraph" to refer to the entire

subdivision preceded by a capital letter. *See, e.g., Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60–61 (2004) (explaining the hierarchy set forth in congressional drafting manuals). For § 1225(b)(1)(A)(iii)(II), the inadmissibility determination must be made under subparagraph (A).

While an alien may be "inadmissible" for a myriad of reasons under the INA, *see* 8 U.S.C. § 1182, § 1225(b)(1)(A) only applies to aliens that were deemed inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) and (a)(7). *See* 8 U.S.C. §§ 1225(b)(1)(A)(i)–(iii). But the petitioner was deemed inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Dkt. No. 8 at 1. Accordingly, the Court cannot find that the petitioner was deemed inadmissible "under this subparagraph."

The petitioner is therefore not an alien described by § 1225(b)(1)(A)(iii)(II) and cannot be detained under § 1225(b)(1). Accordingly, the Court finds that the petitioner's detention is unlawful, thus, his habeas petition will be granted. The respondents have stipulated that the Court should order the petitioner's immediate release should it grant his petition. Therefore, the Court will issue a writ of habeas corpus and order the petitioner's immediate release from custody.

### C. Requests for Attorney's Fees Must Be Raised Separately

The petitioner also makes a summary request for attorney's costs and fees under the Equal Access to Justice Act. Dkt. No. 1 at 19. Under the Court's local rules, requests for attorney's fees must be made in a separate motion not later than fourteen (14) days following the entry of final judgment. Local Rule CV-54(b). Accordingly, the Court does not address this issue, and the petitioner may renew his request in a separate motion, as provided by the Local Rules.

### III.   CONCLUSION

Petitioner has shown that his continued detention under 8 U.S.C. § 1226 is unlawful. Thus, Petioner's Petition is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents are **DIRECTED** to **RELEASE** Petitioner Mehmood Atif from custody, under appropriate conditions, to a public place by **no later than 6:00 p.m. on December 23, 2025**. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before the release.** If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that Petitioner must be afforded a bond hearing.

All other relief is **DENIED AS MOOT**.

**SIGNED** this 22nd day of December, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE